Manbir S. Chowdhary, Esq. (SBN 264478)
CHOWDHARY LAW, APC
5 Park Plaza, Suite 200
Irvine, California 92614
Telephone (949) 910-6810
Facsimile (949) 415-2580
msc@oclaborlaw.com

Attorneys for Plaintiff KUNAI INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUNAI, INC., a California corporation;<br><br>Plaintiff,<br><br>vs.<br><br>ALLIO FINTECH CORPORATION, a Delaware corporation, and Does 1 to 10, Inclusive,<br><br>Defendants. | Case No.   3:24-cv-1047<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.   **BREACH OF WRITTEN CONTRACT**<br><br>2.   **COMMON COUNT – QUANTUM MERUIT**<br><br>3.   **COMMON COUNT – OPEN BOOK ACCOUNT** |

Plaintiff KUNAI, INC., a California corporation, (hereinafter "Plaintiff" or "KUNAI") believes and thereon alleges against ALLIO FINTECH CORP., a Delaware corporation ("Defendant" or "ALLIO"), and DOES 1 to 10, inclusive (collectively "Defendants"), as follows:

COMPLAINT FOR DAMAGES

## I.   THE PARTIES

1.  KUNAI is a California corporation, with its principal business office located at 9000 Crow Canyon Rd., Suite S-336, Danville, CA 94506.  KUNAI is a digital product consultancy and technical staffing firm that provides clients an all-in-one solution for workshopping, building, launching, and maintaining digital products.

2.  Defendant ALLIO is a Delaware corporation, with its principal business office located at 107 Spring Street, Seattle, WA 98104.  ALLIO provides financial and investment services through its digital app, *Allio Finance*.

3.  The true names or capacities, whether individual, corporate, associate, or otherwise, of DOE Defendants 1-10, inclusive, are unknown to KUNAI and, therefore, KUNAI sues these DOE Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously designated DOE Defendants are ascertained, KUNAI will ask leave of this Court to amend this Complaint to allege such names and capacities of such fictitiously designated Defendants as soon as they are ascertained.

4.  KUNAI is informed and believes and thereon alleges that at all relevant times each Defendant was the principal, agent, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of them. KUNAI is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each Defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff KUNAI is a citizen of California, and Defendant ALLIO is a citizen of Delaware.

6. ALLIO, through its website, www.alliofintech.com, conducts business in the State of California and this Judicial District. ALLIO's website is designed to provide financial services through ALLIO's mobile app, *Allio Finance*.

7. Personal jurisdiction over Defendant ALLIO is proper because ALLIO sought out a business relationship with KUNAI and requested KUNAI to help build the *Allio Finance* app, through a Master Services Agreement (the "MSA") executed on February 8, 2022. A true and correct copy of the MSA is attached hereto as Exhibit A. ("Ex. A").

8. Here, ALLIO specifically contracted with KUNAI for KUNAI to provide development, design, consulting and professional services in order to help bring the *Allio Finance* app to market. (Ex. A, Opening Para., Lns. 5-6). In doing so, ALLIO expressly agreed that California law would apply to the parties' business relationship. (Ex. A, Sec. 9.7, Lns. 1-2).

9. The MSA between ALLIO and KUNAI was entered into in this Judicial District, and the services under the MSA were performed in this Judicial District. ALLIO has committed a breach of contract causing harm in this State and Judicial District.

10. Venue properly lies within the U.S. Northern District of California pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Defendant ALLIO is subject to personal jurisdiction in this Judicial District as set forth above, and Plaintiff KUNAI has been harmed by Defendant's conduct, as described below, in this Judicial District.

11. Assignment to the San Francisco Division or Oakland Division is proper under Local Civil Rule 3-2(d) because KUNAI is located in Contra Costa County, and the events described herein giving rise to this lawsuit took place primarily in said County.

### III. PROCEDURAL BACKGROUND

12. Pursuant to the MSA's arbitration provision, KUNAI filed a Demand for Arbitration with the American Arbitration Association ("AAA") on May 18, 2023.

13. Prior to any appearances by the parties before the Arbitrator, on November 13, 2023, the AAA issued a letter threatening to suspend or terminate the proceeding in the event Defendant ALLIO did not submit its portion of the Arbitrator's deposit by November 27, 2023.

14. On December 5, 2023, the AAA suspended the case due to ALLIO's non-payment of its portion of the Arbitrator's deposit.

15. On December 22, 2023, the AAA closed the case.

16. Notwithstanding the MSA's arbitration provision, the parties explicitly agreed that KUNAI is entitled to enforce payment obligations in any court of competent jurisdiction. (*See* Ex. A, Sec. 5, Lns. 10-12). The present action ensues.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

17. On February 8, 2022, KUNAI and ALLIO entered into a Master Services Agreement (the "MSA") by which KUNAI would provide development, design, consulting and/or professional services to ALLIO in order to help bring the Allio Finance app to market (the "Services"). A true and correct copy of the MSA is attached hereto as Exhibit A. ("Ex. A").

18. Pursuant to the MSA, KUNAI's scope of services would be set forth in mutually executed statements of work, ("SOWs"). A true and correct copy of all relevant SOWs and Change Requests ("CRs") between KUNAI and ALLIO are attached hereto as Exhibit B ("Ex. B").

19. In accordance with the terms and conditions of the parties' MSA, respective SOWs and CRs, KUNAI provided Services to ALLIO from February 16, 2022 to March 27, 2023. ALLIO utilized KUNAI on a time and materials basis to help bring the platform to market and assist Allio's internal team with the transition. (*See* Exs. A and B).

20. On October 1, 2022, ALLIO requested that KUNAI provide additional services (Ex. B, CR #2).

21. On December 21, 2022, the *Allio Finance* app went live in the App Store and on Google Play. On January 9, 2022, ALLIO requested, through its CEO, Joseph Gradante, that KUNAI's services be extended (Ex. B, CR #3).

22. On January 11, 2023, Gradante affirmed the value of KUNAI's services in response to KUNAI Project Manager, Omeid Eshraghi's request for a testimonial from ALLIO:



23. Following ALLIO's affirmation of KUNAI's services, ALLIO requested, on February 10, 2023, that KUNAI's services be extended through March 10, 2023. (*See* Ex. B, CR #4).  On February 23, 2023, Gradante requested, *again,* that KUNAI's services be extended through August 31, 2023.  (*See* Ex. B, CR #5).

24. At all times alleged herein, upon rendering the Services pursuant to mutually agreed upon SOWs and CRs, KUNAI submitted undisputed and verifiable invoices for Services provided.  True and correct copies of KUNAI Invoice Nos. "Allio Talent INV-04"; "Allio INV-10"; "Allio INV-11"; "Allio INV-12"; and "Allio INV-13" are attached hereto as Exhibit C ("Ex. C").

25. However, on or about January 31, 2023, and continuing through the present, ALLIO breached the MSA by failing to pay the above-referenced invoices. Moreover, ALLIO did not provide written notice of its rejection of KUNAI's services, within the specified time-period, and allow KUNAI to remedy any alleged deficiencies, as required by the MSA.[1]

26. On March 27, 2023, in a clear attempt by ALLIO to renegotiate its agreed upon contractual payment obligations for KUNAI's services, Gradante exchanged the following text messages with KUNAI's CEO, Sandeep Sood:

///
///
///

---

[1] *See* Ex. A, Section 2, "Acceptance".  On the contrary, ALLIO requested to extend and continue KUNAI's services under the MSA, as reflected by the SOWs and CRs in Ex. B.

> **Today 9:00 AM**
>
> Hey man, hope all is well. We have about 120K in outstanding invoices that just went overdue. Can you give me an update on payment?
>
> **Today 11:17 AM**
>
> How is there another 120k, we only used Omeid at 50% for 2 1/2 months? We're trying to raise right now, but even if I tried to pay it, I couldn't. I've been removed from Allio's finances because of the payments to Frog and Kunai. David and Bill control the new bank account now that they left SVB. I know we Punit for 12 weeks at 36. I assumed something similar for Omeid, since he really didn't do much those last few weeks, he was just observing.
>
> I'll send you the full set of invoices shortly.
>
> Riz just sent you a full summary of what's due, dating back to December of 2022. Let me know if you have any questions, as these invoices are quite overdue. I'm also happy to speak directly to David and Bill, if you are no longer handling finances.
>
> **Today 1:17 PM**
>
> Yeah, I'll set that call up. They said they'd prefer to take this to court unless something is worked out. I'll send out an invite in the am.
>
> What is there to go to court about? This is work we clearly did in contracts you clearly signed.
>
> I never realized there was a dispute of any kind here
>
> Yeah, but it's not my money and those in power are not willing to pay that rate
>
> The contracts were signed at those rates
>
> If that's the case, see you in court
>
> Don't understand what you mean here
>
> Look, I'll tell you what I mean, you're not getting paid 120k
>
> What part of our work do you dispute, Joseph?
>
> What complaint did you lodge before this exact moment?
>
> I expect to be paid for the work my team did for the amount we agreed upon with a formal contract.

-Text messages between Kunai CEO, Sandeep Sood [in blue] and Allio CEO, Joseph Gradante, [in black] on 3/27/23.

27. In the same text exchange, ALLIO's CEO, inexplicably, proceeded to threaten Sood: *"You're not getting paid end of story. I have to come there physically and show you what I mean, I will."*

> Omeid was supposed to stay on 2 weeks, I made it clear when we spoke that the rates were too high. It's not just me, the whole company went crazy over this, so much so that I no longer control the finances. The app wasn't even delivered with the features I asked for on the 23rd.
>
> These were not the same rates we paid when Tom was there and to protect my investors, I'll step down completely before they're price gauged in the middle of a recession
>
> >  You signed contracts at these rates. You gang negotiate rates after the contracts were signed and the work was delivered.
> >
> > Can't
>
> I just did
>
> You're not getting paid end of story
>
> I have to come there physically and show what I mean, I will
>
> let's see you have to say then , seen you soon
>
> > What do you mean by coming here physically to show me what you mean, Joseph?
>
> Look at the app release, that's what I mean
>
> > Happy to go through the app release in detail, though that didn't sound like what you meant at all.
>
> The app wasn't delivered until really this weekend
>
> > We charge by the hour. Our work is not tied to any sort of release. And your reviews of omeid's work have been glowing, I have the documentation to prove that. He kicked ass and worked tirelessly for you and your team.
> >
> > Happy to go through this in detail, with contracts, logs of what was done, etc. we stand behind every hour of work we completed, and we have signed contracts to authorize this work.
> >
> > Let me know if you'd like to schedule a deep dive call.
>
> Look dude, I said I'll see you in court, there isn't anything to go over. You will not get 120k from us, thst I promise on my grandmother's grave.

-**Text messages between Kunai CEO, Sandeep Sood [in blue] and Allio CEO, Joseph Gradante, [in black] on 3/27/23.**

28.   Here, Defendant ALLIO has failed to pay the following amounts to KUNAI, which remain due and owing:

- **Allio Talent INV-04: $10,095.00 due on 01/31/2023**
  -[$10,095 is the remaining balance – Allio paid $2,405 of $12,500]
- **Allio INV-10: $60,150 due on 01/31/2023**
- **Allio INV-11: $29,105 due on 03/05/2023**
- **Allio INV-12: $18,700 due on 03/31/2023**
- **Allio INV-13: $11,100 due on 05/04/2023**

29.   On April 4, 2023, KUNAI sent a final demand to ALLIO for payment. A true and correct copy of KUNAI's written demand is attached hereto as Exhibit D ("Ex. D").

30.   KUNAI has made multiple demands for the outstanding amount, to no avail. ALLIO has failed to cure its breach, and refuses to pay for professional services rendered by KUNAI in the amount of $129,150.00.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

31.   KUNAI realleges and incorporates herein by reference paragraphs 1 through 30, inclusive, as if fully set forth herein.

32.   KUNAI has performed all conditions, covenants, and promises required of it under its contractual obligations with ALLIO, except for those excused by ALLIO's breach. KUNAI submitted undisputed and verifiable invoices for the work provided, and performed all other conditions precedent required by the terms of the MSA, respective SOWs and CRs (Exs. A and B).

33. On or about January 31, 2023, and continuing through the present, ALLIO breached the MSA by: (1) Failing to provide written notice of ALLIO's rejection of KUNAI's services, within the specified time period in Section 2 of the MSA, and allow KUNAI to remedy any alleged deficiencies; and, (2) Failing to pay KUNAI the following Invoice Nos.: "Allio Talent INV-04"; "Allio INV-10"; "Allio INV-11"; "Allio INV-12"; and "Allio INV-13" for professional services provided by KUNAI. (*See* Ex. C).

34. KUNAI has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the MSA, SOWs and CRs, except those that have been excused by the acts of ALLIO.

35. ALLIO has failed to cure its breach, and refuses to pay for professional services rendered by KUNAI in the amount of $129,150.00.

36. As a direct and proximate result of Defendant's breach of contract, KUNAI has suffered damages, including but not limited to, non-payment for professional services in the amount of approximately $129,150.00, all in the above amounts or according to proof at the time of trial, including, interest on all damages awarded, calculated from the date ALLIO breached the MSA.

37. WHEREFORE, KUNAI prays for judgment against ALLIO in the amount of $129,150.00, plus prejudgment interest for the professional services provided to ALLIO under the parties' MSA, respective SOWs, and CRs.

## SECOND CAUSE OF ACTION
## COMMON COUNT – QUANTUM MERUIT

38. KUNAI incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

39. In accordance with the terms and conditions of the parties' MSA, respective SOWs and CRs, KUNAI provided Services to ALLIO from February 16,

2022 to March 27, 2023. At all times alleged herein, ALLIO utilized KUNAI on a time and materials basis to help bring the platform to market and assist Allio's internal team with the transition. ALLIO requested KUNAI perform work, labor, and professional services for ALLIO. It was agreed and understood that ALLIO would pay reasonable compensation for the work, labor, and professional services rendered by KUNAI for ALLIO.

40. The reasonable value of services KUNAI provided to Defendant is $129,150.00. ALLIO requested and accepted the work, labor and services KUNAI provided, and has received the benefit of KUNAI's labors.

41. ALLIO has not made any payment toward the amounts owed despite appropriate demands from KUNAI.

42. WHEREFORE, KUNAI prays for judgment against ALLIO in the amount of $129,150.00, plus prejudgment interest for the work, labor, and professional services provided to ALLIO on projects under the MSA, respective SOWs and CRs.

## THIRD CAUSE OF ACTION
## COMMON COUNT – OPEN BOOK ACCOUNT

43. KUNAI incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

44. Defendants became indebted to KUNAI on an open book account for money due in the sum of $129,150.00 for work, labor, and services rendered by KUNAI to ALLIO at ALLIO's special instance and request, and for which ALLIO agreed to pay.

45. KUNAI has made numerous demands on ALLIO for payment, which is now due and owing to KUNAI, on an open book account. Neither the whole nor any part of the above sum has been paid although demands therefore have been made, and

there is now due, owing and unpaid the sum of $129,150.00, plus interest due thereon at the maximum legal rate.

46. WHEREFORE, KUNAI prays for judgment against ALLIO in the amount of $129,150.00, plus interest due thereon at the maximum legal rate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff KUNAI prays for judgment against Defendant ALLIO as follows:

1. For compensatory damages in the amount of $129,150.00;
2. Prejudgment interest on all amounts owed at the maximum allowed by law;
3. For reasonable attorney's fees pursuant to contract or statute;
4. For costs of suit herein incurred; and,
5. For such other and further relief as this Court deems just and equitable.

DATED: February 21, 2024

Respectfully submitted,

**CHOWDHARY LAW, APC**

By: __/s/ *Manbir S. Chowdhary*

MANBIR S. CHOWDHARY
Attorneys for Plaintiff
KUNAI, INC.