UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUNAI, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>ALLIO FINTECH CORPORATION,<br><br>       Defendant. | Case No.  24-cv-01047-LJC<br><br>**NOTICE RE: DEFAULT JUDGMENT PROCEDURE**<br><br>Re: ECF No. 12 |

As the Clerk of Court has entered default against Defendant Allio Fintech Corporation (ECF No. 12), the Court provides this notice to the parties regarding any default judgment motions filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  All motions for default judgment shall be filed no later than June 10, 2024.  Requests for additional time shall be made in accordance with Civil Local Rule 6-3.

In addition, all default judgment motions shall be filed in compliance with Civil Local Rule 7, be structured as outlined in Attachment A below, and include all relevant legal authority and analysis necessary to establish the case.  If no opposition is filed by the deadline under Rule 7, the moving party shall instead file proposed findings of fact and conclusions of law (as outlined in Attachment A) by the reply deadline under Rule 7.  The moving party shall also email the proposed findings in Microsoft Word format to ljcpo@cand.uscourts.gov.  No chambers copies are required.

//

//

//

//

Plaintiff shall serve this notice upon all other parties in this action and file proof of service thereafter.

**IT IS SO ORDERED.**

Dated: May 9, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

**ATTACHMENT A**

***

**I.      INTRODUCTION**

*(Relief sought and disposition.)*

**II.     BACKGROUND**

*(The pertinent factual and procedural background, including citations to specific pages or paragraphs in the Complaint and other competent evidence.)*

**III.    LEGAL STANDARD**

*(Include the following standard)*

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case.  The decision of whether to grant or deny a request for default judgment lies within the sound discretion of the district court.  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007).

At the default judgment stage, the factual allegations of the Complaint, other than those pertaining to damages, are deemed admitted.  Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012).  "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc.*, 503 F.3d at 854 (internal citation and quotation marks omitted).  Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  Further, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute

United States District Court
Northern District of California

concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.    DISCUSSION

### A.    Jurisdiction and Service of Process

*(Include the following standard)*

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  While evaluating the existence of jurisdiction, the court may resolve factual disputes by "look[ing] beyond the complaint" and considering "affidavits or other evidence properly brought before the court."  *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040, n.2 (9th Cir. 2003) (considering subject matter jurisdiction on a 12(b)(1) motion).

#### 1.    Subject Matter Jurisdiction

*(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions)*

#### 2.    Personal Jurisdiction

##### a.    Basis for Personal Jurisdiction

*(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant.  If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)).*

##### b.    Service of Process

*(Establish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4.)*

### B.    Eitel Factors

*(A detailed analysis of each individual Eitel factor, separated by numbered headings.  Factors 2 (merits of substantive claims) and 3 (sufficiency of complaint) may be listed and analyzed under one*

United States District Court
Northern District of California

*heading.  Plaintiff(s) shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)*

### C.    Relief Sought

*(An analysis of any relief sought, including a calculation of damages, attorney's fees, and costs, with citations to relevant legal authority.)*

#### 1.    Damages

*(As damages alleged in the complaint are not accepted as true, the proposed findings must provide (a) legal authority establishing entitlement to such damages, and (b) citations to evidence supporting the requested damages.)*

#### 2.    Attorney's Fees

*(If attorney's fees are sought, the proposed findings shall include the following: (1) Evidence supporting the request for hours worked, including a detailed breakdown and identification of the subject matter of each person's time expenditures, accompanied by actual billing records and/or time sheets; (2) Documentation justifying the requested billing rates, such as a curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing in the community, including rate determinations in other cases of similarly complex litigation, particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested hours are reasonable, including citations to other cases of similarly complex litigation (preferably from this District).)*

#### 3.    Costs

*(Any request for costs must include citations to evidence supporting the requested costs and relevant legal authority establishing entitlement to such costs.)*

## V.    CONCLUSION

*(Disposition, including any specific award amount(s) and judgment.)*

***